IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02306-GPG-KAS

MICHAEL J. BLACK,

Plaintiff,

v.

ADVANCED RECOVERY SYSTEMS, INC. d/b/a ARS COLLECTIONS,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion for Default Judgment Against Advanced Recovery Systems Inc. Doing Business as ARS Collections** [#13] (the "Motion"). The Motion [#13] has been referred to the undersigned. *See Memorandum* [#14]. The Court has reviewed the Motion [#13], the case file, and the applicable law. For the following reasons, the Court **RECOMMENDS** that the Motion [#13] be **DENIED**.

## I. Background

Defendant is a debt collection agency. *Compl.* [#1] ¶ 8. Plaintiff, a debtor from whom Defendant sought to collect, filed this lawsuit challenging Defendant's practice of placing "harassing and unwanted" calls and text messages, asserting that such conduct violates the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; and the Colorado Fair Debt Collection Practices Act ("CFDCPA"), Colo. Rev. Stat. § 5-16-113. *Id.* ¶¶ 1, 15-19. Plaintiff filed the operative Complaint [#1] on July 28, 2025, and served Defendant on August 15,

2025. *Executed Summons* [#9]. Defendant did not appear or file a responsive pleading by the deadline, so Plaintiff moved for Clerk's Entry of Default. *Motion* [#10]. The Clerk of Court entered default on October 22, 2025. *Clerk's Entry of Default* [#11].

In the instant Motion [#13], Plaintiff moves for statutory damages pursuant to the TCPA, FDCPA, and CFDCPA. *Motion* [#13] at 2. He also seeks an award of attorney fees and costs. *Id.*

## II. Standard of Review

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After the clerk enters default, Federal Rule of Civil Procedure 55(b)(2) permits a party to apply to the court for entry of default judgment against the party who has failed to plead or otherwise defend a lawsuit filed against it. A trial court has discretion to enter default judgment; a party is not entitled to it as of right. *Purzel Video GmbH v. Martinez*, 13 F. Supp. 3d 1140, 1148-49 (D. Colo. 2014).

"[A] party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citation omitted). The plaintiff still must plead sufficient factual allegations to establish the defendant's liability, and "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (vacating district court's entry of default judgment because the pleadings were insufficient to support the judgment); *see also Topp v. Lone Tree Athletic Club, Inc.*, No. 13-cv-01645-WYD-KLM, 2014 WL 3509201, at *5-10 (D. Colo. July 15, 2014) (adopting recommendation to deny motion for default judgment where the plaintiff failed to "provide the necessary factual details to support" his

Fair Labor Standards Act claim). Where a plaintiff's claims are barred or subject to dismissal, the district court may exercise its discretion to deny default judgment. *Bixler*, 596 F.3d at 762. The court may not enter default judgment where a complaint fails to satisfy the elements of the asserted claims or otherwise fails to state a cognizable claim, whether through well-pleaded allegations or supporting documents. *Day v. Career Bldg. Acad.*, No. 18-cv-00837-RM-KMT, 2021 WL 1723777, at *2 (D. Colo. Mar. 18, 2021). Additionally, courts "may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Niemi v. Lasshofer*, 770 F.3d 1331, 1352 (10th Cir. 2014) (quoting *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).

In deciding whether a legitimate basis exists for entry of judgment against a defendant, as the defaulting party, the court must find that: (1) it has subject matter jurisdiction over the plaintiff's claims; (2) it can assert personal jurisdiction over the defendant; (3) the clerk properly entered default; (4) the plaintiff states a valid claim for relief; and (5) damages are ascertainable. *Postnet Int'l Franchise Corp. v. Jones*, No. 12-cv-03065-WYD, 2013 WL 5449855, at *1 (D. Colo. Sept. 30, 2013).

## III. Analysis

### A. Subject Matter Jurisdiction

The Court has subject matter jurisdiction under 28 U.S.C. § 1331, which grants original jurisdiction to federal courts over all civil actions arising under the Constitution, laws, or treaties of the United States. This lawsuit arises under the TCPA, 47 U.S.C. § 227, and the FDCPA, 15 U.S.C. § 1692 *et seq*. Accordingly, the suit arises under federal law, and this Court has subject matter jurisdiction. The Court exercises supplemental jurisdiction over Plaintiff's CFDCPA claim pursuant to 28 U.S.C. § 1367.

**B. Personal Jurisdiction**

"[S]ervice of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992). "[D]istrict courts cannot obtain personal jurisdiction without proper service." *Doran Law Office v. Stonehouse Rentals, Inc.*, 678 F. App'x 733, 735 (10th Cir. 2017) (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). "The court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a prima facie showing that personal jurisdiction exists," and "if the presence . . . of personal jurisdiction can be established by reference to the complaint, the court need not look further." *Collins v. Binduo Elec. Bus., Inc.*, No. 23-cv-00133-PAB-RTG, 2026 WL 221009, at *3 (D. Colo. Jan. 28, 2026).

A corporation, partnership, or association must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). According to the executed summons, a copy of the summons and Complaint [#1] was served on Kara Spooner, an employee authorized to accept service, at Defendant's principal place of business. *Executed Summons* [#9]; *Plf.'s Ex. 1, Badwan Aff.* [#13-1] ¶ 2. This method of service complies with Rule 4.

Plaintiff alleges that Defendant is a Colorado limited liability company, with its principal place of business located at 219 Katherine Dr, Flowood, MS 39232. *Compl.* [#1] ¶ 8.[1] Plaintiff's allegations, at this juncture, appear sufficient to establish that the Court

---

[1] For reasons unknown to the Court, Plaintiff alleges that Defendant is a limited liability company but has sued an entity with "Inc." following its name. "Inc." is reserved for corporations, while "LLC"

may exercise personal jurisdiction over Defendant. *See Columbia Cas. Co. v. Valor Health Network, LLC*, No. 23-cv-00998-CNS-STV, 2024 WL 3597180, at *5 (D. Colo. July 31, 2024) ("An LLC is 'at home' in its state of organization and is therefore subject to general personal jurisdiction within that state consistent with the Due Process Clause.") (quotation omitted); *Country Mut. Ins. Co. v. Kooy*, 819 F. Supp. 3d 1239, 1246-47 (D. Colo. 2025) ("A corporation's domicile is its state of incorporation and principal place of business.")

However, the Court is not without concerns with respect to whether the correct entity has been served in this matter. The Colorado Secretary of State's records contain Articles of Incorporation for Advanced Recovery Systems filed in January 2010. The corporation's principal office is located at 17333 E Wagontail Pkwy, Aurora, CO 80015, and its registered agent, located at the same address, is Matthew Jason Pepple. Colorado Secretary of State, https://www.coloradosos.gov/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=20101018240&entityId2=20101018240&fileId=20101018240&srchTyp=ENTITY (last visited September 1, 2026). For reasons that will be explained in more detail below, the undersigned recommends that the instant Motion [#13] be denied and that Plaintiff file a renewed Motion for Default Judgment. In that Motion, Plaintiff shall provide additional documentation showing that the entity served in Mississippi is the same entity incorporated under the laws of the State of Colorado.

---

is reserved for limited liability companies; the two forms are distinct. *See* COLO. REV. STAT. § 7-90-601(3)(a), (3)(c); *see also* COLO. REV. STAT. § 7-80-101, *et seq*. (Colorado Limited Liability Act); COLO. REV. STAT. § 7-101-101, *et seq*. (Colorado Business Corporation Act).

### C. Clerk's Entry of Default

Plaintiff filed the operative Complaint [#1] on July 28, 2025, and served Defendant on August 15, 2025. *Executed Summons* [#9]. Defendant's deadline to file an answer or otherwise respond was September 5, 2025, three weeks after service. *See* FED. R. CIV. P. 12(a)(1)(A)(i). Defendant did not appear or file a responsive pleading by the deadline. Accordingly, the Clerk of Court properly entered default against Defendant on October 22, 2025. *Clerk's Entry of Default* [#11].

### D. Whether Plaintiff Has Stated a Valid Claim for Relief

After an entry of default, the Court must decide "whether the unchallenged facts constitute a legitimate cause of action" such that a judgment should be entered. *Bixler*, 596 F.3d at 762 (quoting 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, *Federal Practice and Procedure* § 2688, at 63 (3d ed.1998)).

#### 1. TCPA Claim

As relevant to this case, the TCPA prohibits any person, absent prior express consent from the recipient, from "mak[ing] any call," other than for emergency purposes, "using any automatic telephone dialing system or an artificial or prerecorded voice" . . . "to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). A text message to a cell phone also constitutes a call under § 227(b)(1)(A)(iii). *Georgopulous v. PPM Cap., Inc.*, No. 19-cv-00347-DDD-STV, 2019 WL 6065617, at *8 n.6 (D. Colo. Oct. 21, 2019), *report and recommendation adopted*, 2019 WL 6053333 (D. Colo. Nov. 15, 2019). The essential elements of a TCPA claim are (1) that the defendant made a call (or text); (2) using any automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice; (3) to the plaintiff's cell phone without his prior express consent. *See Welsey v. Snap Fin. LLC*, 339 F.R.D. 277, 297 (D.

Utah 2021) (identifying "without the plaintiff's prior express consent" as an element) (citing 47 U.S.C. § 227(b)(1)(A)); *Rallo v. Palmer Admin. Servs., Inc.*, 18-cv-01510-RM-MEH, 2019 WL 1468411, at *2 (D. Colo. Apr. 3, 2019).

"The TCPA defines ATDS as 'equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator,' and 'to dial such numbers.'" *Georgopulous*, 2019 WL 6065617, at *8 (citing 47 U.S.C. § 227(a)(1)). A bare allegation that a defendant used an ATDS is not enough to state a TCPA claim. *See Hampton v. Barclays Bank Del.*, No. 18-4071-DDC-ADM, 2019 WL 4256371, at *5 (D. Kan. Sept. 9, 2019) (collecting cases). Instead, "to state a plausible TCPA claim, a plaintiff must explain the circumstances suggesting defendant used an ATDS." *Id.* "A plaintiff can satisfy this pleading standard by 'detail[ing] whether there was a pause upon his answering the call, the content of the pre-recorded messages [he received] (*i.e.* were they identical messages?), or any other fact that would support his conclusory allegation that he received calls from an automatic telephone dialing system.'" *Id.* (quoting *Padilla v. Whetstone Partners, LLC*, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014)); *see also Georgopulous*, 2019 WL 6065617, at *8.

Here, Plaintiff makes the following allegations:

- Defendant "placed harassing and unwanted calls to Plaintiff's phone demanding payment multiple times daily." *Compl.* [#1] ¶ 15.
- Defendant placed "numerous phone calls featuring pre-recorded messages" to him, even after Plaintiff asked Defendant to stop contacting him. *Id.* ¶ 19. (In

the Motion [#13], Plaintiff states that Defendant made 15 such calls. *Motion* [#13] at 2.)

- Plaintiff revoked his consent to be contacted via text message, and Defendant continued to send texts to him "at an alarming rate." *Id.* ¶¶ 16, 17.
- "Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments." *Id.* ¶ 25.

Plaintiff's allegations concerning the circumstances and contents of the repeated calls and texts are sparse, to be sure. However, two allegations stand out. First, Defendant placed calls featuring a pre-recorded message multiple times daily. *See Van Baalen v. Mut. of Omaha Ins. Co.*, 729 F. Supp. 3d 1239, 1249 (D.N.M. 2024) ("Plaintiff has sufficiently alleged that he received prerecorded calls at this stage, thereby satisfying the second element of his Section 227(b) claim."). Second, upon Plaintiff's information and belief, Defendant uses so-called "auto-dialing" technology. *See*, *e.g.*, *id*. ¶ 52. Some (although not all) courts in this District have concluded that the alleged use of an auto-dialer is sufficient to establish the use of an ATDS. *Compare Scherrer v. FPT Operating Co., LLC*, No. 19-cv-03703-SKC, 2023 WL 4660089, at *3 (D. Colo. July 20, 2023), *and Montanez v. Future Vision Brain Bank, LLC*, 536 F. Supp. 3d 828, 839 (D. Colo. 2021), *with Mina v. Red Robin Int'l, Inc.*, No. 20-cv-00612-RM-NYW, 2022 WL 2105897, at *4 (D. Colo. June 10, 2022), *report and recommendation adopted*, 2022 WL 17547830 (D. Colo. Aug. 19, 2022). The Court finds that, in total, Plaintiff has pleaded just enough to state a plausible TCPA claim. *See Might v. Cap. One Bank (USA), N.A.*, No. CIV-18-716-

R, 2019 WL 544955, at *3 (W.D. Okla. Feb. 11, 2019) ("[T]he Court finds that Plaintiff's allegations, although not detailed, are sufficient to avoid dismissal, given that the relevant information to support his contention lies exclusively in the hands of the Defendant."); *see also Hill v. USAA Sav. Bank*, No. CIV-18-803-SLP, 2019 WL 3082471, at *4 (W.D. Okla. July 15, 2019) ("The Court recognizes, as many courts have, the difficulty of alleging details about an ATDS before discovery.") (citation omitted).[2]

**2. FDCPA Claim**

The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors" and to "protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To establish a violation of the FDCPA, plaintiff must establish the following: (1) that he is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) that his debt arises from a transaction entered into primarily for personal, family, or household purposes, 15 U.S.C. § 1692a(5); (3) that the defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant, through its acts or omissions, violated a provision of the FDCPA. *See Georgopulous*, 2019 WL 6065617, at *3 (quoting *Terry v. WSA, LLC*, No. 14-cv-00324-PAB, 2014 WL 7403232, at *2 (D. Colo. Dec. 29, 2014)). As to the first three elements, Plaintiff alleges that he is a consumer who incurred

---

[2] The Court notes its concerns about the utter lack of allegations concerning *when* these calls occurred. *See Warnick v. Dish Network LLC*, No. 12-cv-01952-WYD-MEH, 2013 WL 1151884, at *5 (D. Colo. Mar. 19, 2013) (concluding that the federal "catch-all" statute of limitations of four years set forth in 28 U.S.C. § 1658(a) applies to TCPA claims); *see also Jurgensen v. Hamalian*, No. 18-cv-01952-MSK-NYW, 2019 WL 3291761, at *8 (D. Colo. Mar. 7, 2019) ("The FDCPA provides a one-year statute of limitations for '[a]n action to enforce any liability created by this subchapter.'") (quoting 15 U.S.C. § 1692k(d)), *report and recommendation adopted*, 2019 WL 2521677 (D. Colo. June 18, 2019). However, "[b]ecause a statute of limitations is an affirmative defense, and thus can be waived, the court cannot properly raise the issue on its own motion" in the default judgment context. *See O'Neill v. Cal. Farms, Inc.*, No. 12-cv-00676-WYD-KMT, 2013 WL 5467074, at *12 n.7 (D. Colo. Sept. 30, 2013) (collecting cases).

credit card debt for personal, family, or household purposes. *Compl.* [#1] ¶¶ 13, 36-39. Plaintiff further alleges that Defendant is a "debt collector" as defined by the statute, because its primary business purpose is the collection of delinquent debts, it regularly collects debts by mail or telephone, it acquired rights to the subject debt after it was in default, and it attempted to collect the subject debt by telephone. *Id.* ¶¶ 38-40.

As to the fourth element, the Court notes that the FDCPA is a strict liability statute, so a plaintiff need demonstrate only one violation of its provisions to be entitled to a favorable judgment. *Ator v. Performant Recovery, Inc.*, No. 19-cv-02329-SKC, 2020 WL 13442029, at *2 (D. Colo. Oct. 1, 2020). Here, Plaintiff claims that Defendant violated three sections of the FDCPA: § 1692c, § 1692d, and § 1692f. *See Compl.* [#1] at 7-8. The Court addresses each alleged violation in turn.

*First*, Plaintiff alleges that Defendant violated § 1692c(a)(1) of the FDCPA. *Id.* ¶ 43. Under that section, debt collectors may not communicate with a consumer in connection with the collection of any debt "at any unusual time . . . or a time . . . known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1). Unless the debt collector knows otherwise, the debt collector must "assume that the convenient time for communicating with a consumer" is after 8:00 a.m. and before 9:00 p.m. *Id.*

Plaintiff makes no allegations concerning the time of day that Defendant called him. Instead, he states that Defendant violated § 1692c(a)(1) by "continuously call[ing] Plaintiff after being notified to stop." *Compl.* [#1] ¶ 43. However, § 1692c(a)(1) does not apply to any and all unwanted debt collection calls; instead, it pertains to calls made during inappropriate hours of the day. *Ator*, 2020 WL 13442029, at *3 (citing *Saunders v.*

*NCO Fin. Sys., Inc.*, 910 F. Supp. 2d 464, 470 (E.D.N.Y. 2012)); *see also Lightfoot v. Healthcare Revenue Recovery Group, LLC*, No. 14–6791, 2015 WL 1103441, at *2 (D.N.J. Mar. 11, 2015) ("To some extent, all debt collection calls are unwanted by consumers. To interpret § 1962c to mean all unwanted debt calls are inconvenient to the consumer would be to read the statute too broadly."). Accordingly, Plaintiff has not plausibly alleged a violation of § 1692c(a)(1).

*Second*, Plaintiff contends that Defendant violated § 1692d(5) of the FDCPA. *Compl.* [#1] ¶ 47. That statute prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Specifically, debt collectors are prohibited from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." *Id.* § 1692d(5).

The Court finds that Plaintiff has, if just barely, plausibly alleged a § 1692d(5) violation. Although Plaintiff propounds no facts concerning the number of calls received in any particular range of time, Plaintiff alleges that Defendant "placed harassing and unwanted calls to Plaintiff's phone demanding payment *multiple times daily*" and at an "alarming rate." *Compl.* [#1] ¶¶ 15, 17 (emphasis added); *cf. Georgopulous*, 2019 WL 6065617, at *4 (finding that the plaintiff plausibly alleged a § 1692d(5) violation where the defendant made "several calls made to Plaintiff over consecutive days, including Defendant calling Plaintiff nine times in five minutes on February 2, 2019."); *Ator*, 2020 WL 13442029, at *3 (concluding that deposition testimony that defendant called plaintiff approximately seven times after plaintiff asked the defendant to stop was sufficient to

create a genuine dispute of material fact concerning a § 1692d(5) violation). Further, Plaintiff alleges that Defendant "placed numerous phone calls featuring pre-recorded messages to Plaintiff after Plaintiff requested that Defendant cease contact with him." *Compl.* [#1] ¶ 19. These two allegations are sufficient to establish repeated contacts made with intent to annoy or harass. *See Brown v. Glob. Check Processing*, No. 13-cv-1805-WJM-MJW, 2014 WL 1882759, at *2 (D. Colo. May 12, 2014) (finding allegation that the defendant called the plaintiff "'many times' in a harassing manner" was sufficient to state a § 1962d(5) violation).

*Third*, Plaintiff contends that Defendant violated § 1692f of the FDCPA. *Compl.* [#1] ¶ 52. To establish a violation under § 1692f, Plaintiff "must show that the debt collector used unfair or unconscionable means 'in order to collect or to attempt to collect any debt.'" *Georgopulous*, 2019 WL 6065617, at *5 (quoting *Huffman v. BC Servs., Inc.*, No. 16-cv-02431-KLM, 2017 WL 2537106, at *4 n.4 (D. Colo. June 9, 2017)). "Section 1692f 'serves a backstop function, catching those unfair practices which somehow manage to slip by' other provisions of 15 U.S.C. § 1692." *Id.* (quoting *Muzyka v. Rash Curtis & Assocs.*, No. 2:18-cv-01097 WBS, 2019 WL 2869114, at *6 (E.D. Cal. July 3, 2019)). Accordingly, courts dismiss § 1692f claims that are based on the same conduct as another, more specific FDCPA violation. *See id.* (collecting cases). Here, Plaintiff bases this violation on Defendant's repeated calls and texts (facilitated by an auto-dialer), after Plaintiff asked it to stop. Therefore, the conduct is duplicative of the § 1692d(5) violation. Accordingly, Plaintiff has not plausibly alleged a § 1692f violation. *See id.* (finding allegation that the defendant unconscionably harassed Plaintiff with high volume

phone calls and text messages redundant of a § 1692d(5) violation, and thus insufficient to support a separate claim under § 1692f).

### 3. CFDCPA Claim

Plaintiff finally alleges that Defendants violated the CFDCPA. The CFDCPA shares the same remedial purpose as the FDCPA. *See id.* at *7. However, individuals may not recover damages under the CFDCPA if they recover for "like provision[s]" under the FDCPA. COLO. REV. STAT. § 5-16-113(7). Here, Plaintiff alleges CFDCPA violations that are identical to their respective FDCPA corollaries. *See Compl.* [#1] ¶¶ 62, 64, 66. Therefore, even though Plaintiff plausibly alleged a violation of Colo. Rev. Stat. 5-16-106(1)—which prohibits the same conduct as § 1692d(5)—such violation does not support any additional recovery.

## E. Damages

Having determined that default judgment is appropriate as to Plaintiff's TCPA claim and his § 1692d(5) claim pursuant to the FDCPA, the Court turns to damages. A plaintiff who seeks default judgment must "establish that on the law it is entitled to the relief it requests, given the facts as established by the default." *N. Star Sci. Sols., LLC v. Mich. Health Clinics*, No. 24-cv-00541-GPG-STV, 2025 WL 902427, at *4 (D. Colo. Feb. 25, 2025) (internal quotation and citation omitted), *report and recommendation adopted*, 2025 WL 1251222 (D. Colo. Mar. 27, 2025). While a complaint's well-pleaded facts are accepted as true on a motion for default judgment, "allegations relating to the amount of damages are generally not accepted as true," unless those facts are set forth in affidavits and exhibits. *Id*. Here, Plaintiff seeks statutory damages, injunctive relief, and costs and fees. *Motion* [#13] at 2-4. Although Plaintiff states that he also seeks actual damages pursuant to the FDCPA and CFDCPA, he does not state what that amount is, nor does

he appear to account for any actual damages in the total sum that he requests. *Motion* [#13] at 2-4.

**1. TCPA Claim**

Each violation of the TCPA carries a penalty of either actual damages or $500, whichever is greater. *Mehaffey v. Navient Sols., LLC*, 544 F. Supp. 3d 1128, 1132 (D. Colo. 2021) (citing 47 U.S.C. § 227(b)(3)(B)). Willful or knowing violations of the statute may incur an additional penalty up to three times the amount of damages. *Id.* "[A] defendant acts willfully or intentionally when it continues to call or text after the plaintiff requests that the communications stop." *Georgopulous*, 2019 WL 6065617, at *10.

"In calculating statutory damages under the TCPA, courts 'determine[ ] the number of phone calls in violation of the TCPA based on allegations in the complaint or upon additional evidence, such as screenshots of the plaintiff's phone showing the alleged violations.'" *Id.* (quoting *Cunningham v. Crosby Billing Servs., Corp.*, No. 4:18-CV-00043-ALM-CAN, 2018 WL 6424792, at *10 (E.D. Tex. Oct. 14, 2018)). Here, the Complaint [#1] contains no allegation concerning the total number of violative calls. Plaintiff's statement that Defendant placed 15 calls in violation of the TCPA, made for the first time in the instant Motion [#13], is not accompanied by any evidentiary support in the form of call logs, screenshots of the Plaintiff's phone, an affidavit, or the like. Further, the Complaint [#1] contains no allegations concerning the timing of Plaintiff's request not to be contacted, nor how many communications Plaintiff received thereafter. Therefore, the Motion [#13] is currently insufficient to establish Plaintiff's entitlement to the requested statutory damages. *See Georgopulous v. PPM Cap., Inc.*, No. 19-cv-00347-DDD-STV, ECF No. 39 (D. Colo. Sept. 27, 2019) (ordering supplemental briefing and documentation

where the operative complaint included no allegation of the total number of calls but where the motion for default judgment sought damages for 25 calls); *see also Monette v. Cont'l Fin. Co., LLC*, No. 17-cv-1412-pp, 2018 WL 388849, at *3 (E.D. Wis. Jan. 11, 2018) ("The court is not in a position to authorize [TCPA] damages without documentation supporting the number of violations.").

Accordingly, the undersigned **recommends** that the Motion [#13] be **denied without prejudice**, and that Plaintiff be given leave to file a renewed Motion for Default Judgment consistent with this Recommendation.

**2. FDCPA Claim**

Based on the foregoing, the Court need not address statutory damages pursuant to the FDCPA. However, for the sake of completeness and efficiency, the Court makes the following brief observations. The FDCPA authorizes an individual plaintiff to recover up to $1,000 in statutory damages. *See* 15 U.S.C. § 1692k(a)(2)(A). However, "[m]aximum statutory damages 'should be reserved for egregious violations of the FDCPA.'" *Brown v. Glob. Check Processing*, No. 13-cv-1805-WJM-MJW, 2014 WL 1882759, at *3 (D. Colo. May 12, 2014) (quoting *Sterling v. Am. Credit & Collections, LLC*, 11-cv-03113-DME-BNB, 2012 WL 3553757, at *4 (D. Colo. Aug. 16, 2012)). To determine the appropriate statutory damages, the Court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Here, Plaintiff provides only bare bones allegations concerning these factors. As it stands, Plaintiff has not alleged the type of facts or provided the type of supporting documentation to show that Defendant's conduct was an "egregious" violation of the FDCPA. *See Brown*, 2014

WL 1882759, at *3 (finding a $500 statutory award appropriate where the plaintiffs provided no information regarding the frequency of Defendant's communications, "other than to say that Defendant called 'many times'").

### 3. Attorney Fees

Finally, Plaintiff seeks an award of attorney fees in the amount of $3,838.75. *Plf.'s Ex. 1, Badwan Aff.* [#13-1] at 2. The Court determines a reasonable attorney fee award by "calculating the 'lodestar amount'—the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Georgopulous*, 2019 WL 6065617, at *11 (quoting *Auto-Owners Ins. Co. v. Bridgewater Int'l, Inc.*, No. 15-cv-01665-PAB-KLM, 2018 WL 1046791, at *1 (D. Colo. Feb. 21, 2018)). The Court cannot determine on this record whether the requested fee amount is reasonable. In support of Plaintiff's requested fee, counsel states that the requested amount was calculated using an electronic billing system and that the amount is reasonable "for an attorney with similar experience." *Plf.'s Ex. 1, Badwan Aff.* [#13-1] at 2. The affidavit does not detail counsel's relevant qualifications and experience, a summary of the services rendered, the amount of time spent on the services, or the hourly rate charged. *See* D.C.COLO.LCivR 54.3(b). Therefore, adequate support for the requested award has not been provided to the Court, and any renewed Motion for Default Judgment shall comply with the directives in this Recommendation. *See A AAA Custom Plumbing Corp. v. Nat'l Telemedicine Ctr. Inc.*, No. 10-cv-01420-PAB-BNB, 2011 WL 588748, at *2 (D. Colo. Feb. 9, 2011) (providing leave to refile a compliant motion for attorney fees).

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motions [#13] be **DENIED without prejudice**.

It IS FURTHER **RECOMMENDED** that Plaintiff be granted leave to file a renewed Motion for Default Judgment within 30 days of the District Judge's adjudication of this Recommendation.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Federal Rule of Civil Procedure 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: September 1, 2026 BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge